GENESEE COUNTY BOARD OF ROAD COMMISSIONERS *v.*
NORTH AMERICAN DEVELOPMENT COMPANY.

1. BONDS—APPROVAL OF PLAT—PAVEMENT OF COUNTY ROAD.
   Finding of trial court that there was no relationship established
   between the causes for nonapproval of defendant subdivision
   owner and developer's plat by plaintiff board of county road
   commissioners and the failure of such defendant to pave about
   a mile of county road as approach to its subdivision *held,*
   amply supported by evidence adduced in action against such
   defendant and its surety on bond which trial court found had
   been voluntarily given to assure such construction so that
   the subdivision might be given approval by the Federal hous-
   ing administration.

2. HIGHWAYS AND STREETS—AGREEMENT TO PAVE—CONTRACTS—MU-
   TUALITY OF OBLIGATION.
   A board of county road commissioners has a statutory obligation
   to maintain a county road but, where it had no obligation
   to pave a portion thereof within a particular time, its agree-
   ment to do so within a specified period is within its authority
   and would be a benefit to the people of the county, which
   together with the benefit to subdivision owner and developer
   constituted mutuality of obligation sufficient to sustain latter's
   contract to do the paving (CLS 1956, § 224.19).

3. CONTRACTS—MUNICIPAL CORPORATIONS—PUBLIC INTEREST.
   Contracts of municipalities acting in their governmental capacity
   are deemed contracts for the benefit of the public, where the
   contracts are affected by a public interest such as the improve-
   ment, by pavement, of a county road without cost to the
   county.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 882.
[2] 12 Am Jur, Contracts §§ 13, 114.
[3] 38 Am Jur, Municipal Corporations § 493 *et seq.*
[4] 12 Am Jur, Contracts § 72 *et seq.*
[5] 15 Am Jur, Damages § 240 *et seq.*

4. BONDS—CONSIDERATION—AGREEMENT TO PAVE COUNTY ROAD.

The assurance to the Federal housing administration that substantially a mile of county road leading to subdivision would be paved within a 2-year period, a promise within such board's authority, constituted sufficient consideration for subdivision owner's bond to do such paving within the 2-year period.

5. CONTRACTS—STIPULATED DAMAGES.

Courts permit the parties to ascertain the damages for themselves and to provide in the contract the amount of damages which will be paid for the breach of the contract, where the actual damages are uncertain in their nature, difficult to ascertain, or impossible to estimate with certainty by any pecuniary standard.

Appeal from Genesee; Baker (John W.), J. Submitted November 9, 1962. (Calendar Nos. 73, 74, Docket Nos. 49,135, 49,137.) Decided February 7, 1963.

Assumpsit by Genesee County Board of Road Commissioners against North American Development Company, a Michigan corporation, and New Amsterdam Casualty Company, a New York corporation, on surety bond guaranteeing road improvement. Judgment for plaintiff. Defendants file separate appeals. Affirmed.

*Neithercut & Neithercut (Edward J. Neithercut, of counsel), for plaintiff.*

*Daniel S. Cooper (William I. Liberson, of counsel), for defendant North American Development Company.*

KAVANAGH, J. Defendants are here on appeal from the entry of a judgment of $55,000 plus interest and the denial of a motion for new trial by the trial court, claiming error in the rendering of the judgment and the denial of their motion for new trial.

Plaintiff, the Genesee county board of road commissioners, instituted this law action to recover the proceeds of a surety bond dated April 9, 1957, and executed by the defendant North American Development Company, as principal, and by the defendant New Amsterdam Casualty Company, as surety.

The terms of the bond bound the defendants to pay the sum of $55,000 to plaintiff if and when the conditions of the bond were not fulfilled. The pertinent provisions of the bond were as follows:

"Whereas, the above bounded North America Development Company, a Michigan corporation, has made application to the board of county road commissioners of the county of Genesee, State of Michigan, to install improvements on Seymour road from M-78 south to Swartz Creek, approximately 5,200 feet. The road improvements are 35 feet wide, back to back of curbs, including installation of soil cement base, and soil cement bituminous aggregate surface with asphalt curb.

"And whereas, all of the improvements required by the board of county road commissioners of the county of Genesee, State of Michigan have not been installed.

"Now, therefore, if the said bounded North American Development Company, a Michigan corporation shall and will, within 2 years from the date hereof, cause to be installed and constructed the improvements as above described without expense to the board of county road commissioners of the county of Genesee, State of Michigan, and to said county of Genesee, then and in that event this obligation shall be null and void, otherwise to remain in full force and effect."

North American was the owner and developer of several subdivisions, collectively termed Winchester Village, located in Gaines township, Genesee county, and designed as a residential area. Seymour road is a gravel road and the entrance to the numerous

subdivisions contemplated by the developer. The Genesee county board of road commissioners has jurisdiction over Seymour road 'and had the duty to maintain it.

Plaintiff's declaration alleges nonperformance by defendants of the obligation imposed by the bond and seeks judgment in the amount of $75,000.

Defendants in their answer contend that the several acts of plaintiff, including constant harassment, arbitrary preference toward other types of pavement than that which North American desired to use, and numerous changes by plaintiff in the plans and specifications precluded rapid and expeditious work on the project. Defendants claim that plaintiff's actions indicated to them that completion of the work would have been a foolhardy task because plaintiff, under no circumstances, would have approved anything regardless of how well it was done.

The case was tried on behalf of plaintiff on the theory that the paving of Seymour road, or at least assurances from the Genesee county board of road commissioners that it would be done within 2 years, was necessary to meet the requirements of the Federal housing administration, which was being asked by North American to approve the subdivision for the issuance of FHA mortgages. North American approached the board and sought paving of Seymour road. The board informed North American it was not in a position to promise paving of it at that time because of the lack of funds. North American, in order to obtain FHA approval, agreed to post a surety bond indicating it would pave Seymour road for the county within 2 years if the board would give the assurance to the Federal housing administration. Pursuant to this agreement, the bond in question in the litigation was furnished the board, and the board gave FHA a letter certifying that Seymour road would be paved within 2 years.

North American's president testified the bond was given in the hope it would assist defendant in obtaining approval of its subdivision plats, prior approval having been arbitrarily denied by plaintiff.

The trial court, hearing the matter without a jury, stated its findings of fact as follows:

"A condition of the bond was installation of the road to be completed within 2 years, thereafter the bond to be void, otherwise to remain in effect. No work was started within the 2-year period by the defendant Development corporation and plaintiff therefore began this suit to recover on the bond.

"Although it was contended that the plaintiff had prevented defendant Development corporation from performing the agreement to build the road, this was not established by any substantial evidence. Witness Dr. Winshall testified that on many occasions he had offered, on behalf of the defendant Development corporation, to provide concrete pavement instead of the soil cement as specified. However, the plaintiff denied that such offers were made and defendant Development corporation never made such an offer in writing. As to the failure of the plaintiff to approve plats, there was no relationship established between the causes for nonapproval and failure of defendant Development corporation to build the road as agreed. This court is convinced that issuance of the bond was a voluntary act on the part of the defendant Development corporation. There was no substantial proof of coercion with respect to issuance of plat approvals. It was shown that 5 plats were approved by plaintiff prior to April 7, 1957, and 3 thereafter, while only 2 plats were not approved.

"The plaintiff did not establish any damages to itself due to the failure of the defendant Development corporation to pave the road. Plaintiff, however, contended that it was under a moral obligation to the area residents to see to it that the paving was provided.

"There appears to be no statutory authority for the plaintiff to require such a bond to be given by the defendant Development corporation. However, since the evidence does not indicate any coercion on the part of anyone to force defendant Development corporation to provide such a bond, it is deemed a voluntary act for which there would have been several beneficial results to the defendant Development corporation. These include the advantages to the residents of a paved entrance road, the improvement of the approaches to the subdivision and the possible benefits in obtaining FHA financing in the subdivision.

"There was consideration running to the defendant Development corporation in the sense that the public could be induced to buy lots based on the paved approach which, it could be argued by the defendant Development corporation, would certainly be put in because guaranteed by the bond given to the plaintiff."

Defendants appeal, raising the following questions:

1. Did the Genesee county board of road commissioners have authority to require delivery of a surety bond designed to secure paving of a county road, when the road is not in a plat?

2. Was there consideration between the Genesee county board of road commissioners and the North American Development Company so as to sustain the contract?

3. Accepting the court's ruling that the bond was given voluntarily, would the contract and bond then be enforceable?

4. Was there mutuality of obligation in the transaction between appellant and appellee?

5. Where the plaintiff shows no actual damages were suffered, is the plaintiff entitled to recovery?

Defendants' arguments are predicated upon the theory that the bond was required as a prerequisite

to approval of a plat. The trial court made a specific finding upon this, holding:

"As to the failure of the plaintiff to approve plats, there was no relationship established between the causes for nonapproval and failure of defendant Development corporation to build the road as agreed."

This finding is amply supported by the evidence. The record substantiates the finding of the trial court that the contract was voluntarily entered into for the purpose of defendant North American obtaining FHA approval of the subdivision.

While the Genesee county board of road commissioners had a statutory obligation to maintain the road,* it had no obligation to pave it within 2 years. Its assurances given to FHA to pave the road within 2 years constituted sufficient consideration to sustain the contract with North American Development Company. Its agreement with North American to give assurances to FHA based upon the filing of the surety bond was within the board's authority.

The record discloses the bond was given voluntarily and for the express benefit of North American Development Company. This benefit was the obtaining of FHA financing for its subdivision, which would permit North American to more easily market its lots. The Genesee county board of road commissioners stood to benefit for the people of the county who would have a better highway to use. The board's assurances to FHA concerning the paving of Seymour road, together with the benefit accruing to North American, constituted mutuality of obligation sufficient to sustain the contract. This Court has held numerous times that contracts of municipalities acting in their governmental capacity

---

* See CLS 1956, § 224.19 (Stat Ann 1958 Rev § 9.119).—REPORTER.

are deemed contracts for the benefit of the public where the contracts are affected by a public interest. The benefit to the public in this instance would be that of a better road on which to travel without cost to the county.

We conclude, therefore, that the trial court was correct in its holding with reference to the authority of the Genesee county board of road commissioners to require delivery of a surety bond and that there was a valid consideration to sustain the contract.

It is apparent the contract entered into provided defendant North American was to forfeit the sum of the bond as liquidated damages for failure to fulfill its agreement to pave within 2 years. When it is difficult to determine the actual damages which would be suffered under such circumstances and where the determination of the actual damages for a breach are uncertain in their nature, difficult to ascertain, or impossible to estimate with certainty by any pecuniary standard, the courts permit the parties to ascertain the damages for themselves and to provide in the contract the amount of damages which will be paid for the breach. *Jaquith* v. *Hudson,* 5 Mich 123.

The judgment of the trial court in this cause is affirmed. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, and OTIS M. SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.