E F SOLOMON v DEPARTMENT OF STATE HIGHWAYS AND
TRANSPORTATION

Docket No. 63795. Submitted October 13, 1983, at Lansing.—Decided
January 17, 1984.

In August, 1972, E. F. Solomon, doing business as S. D. Solomon
and Sons, contracted with the Michigan Department of State
Highways and Transportation for the construction of paving
and six bridge structures on I-196 in Allegan County. The
contract contained a provision for liquidated damages. Thereaf-
ter, Solomon entered into a subcontract with Davco, Inc.,
pursuant to which Davco was to construct the pavement por-
tion of the contract. The highway department had approved
Davco as a subcontractor. Davco became insolvent and was unable
to perform its work. A 68-day delay occurred in having the
project open for traffic and a 37-day delay occurred in complet-
ing the project. Because of the delays, the highway department
withheld a certain amount from the contract payments as
liquidated damages. Solomon pursued its administrative reme-
dies without satisfaction and filed a complaint in the Court of
Claims against the Department of State Highways and Trans-
portation seeking a judgment in the amount of the liquidated
damages withheld by the defendant. The court, Lawrence C.
Root, J., granted summary judgment for the defendant as to
count II of the plaintiff's complaint, which sought redress due
to the defendant's prequalification of Davco as a subcontractor,
but awarded the plaintiff a smaller amount after finding that
the amount of liquidated damages had been improperly com-
puted by the defendant. The plaintiff appealed. *Held:*

The Court of Claims did not err in granting summary judg-
ment for the defendant and enforcing the liquidated damages
clause in the contract. The prequalification procedures followed
by the defendant were simply a mechanism by which the
defendant determined who would be allowed to bid on state
highway projects. The Michigan Constitution prohibits the
credit of the state from being used as a guarantee or surety in

REFERENCES FOR POINTS IN HEADNOTES
[1] 74 Am Jur 2d, Suretyship §§ 109, 117.
[2] 22 Am Jur 2d, Damages §§ 218-220.

favor of any person, association or corporation, public or private. The liquidated damages clause in the contract here was not improper and was not in the nature of a penalty. The sum involved was not unreasonable and damages otherwise would be nearly impossible to ascertain because damages to the public which was delayed in its use of the highway does not easily convert into dollars and cents.

Affirmed.

1. CONSTITUTIONAL LAW — CREDIT OF THE STATE.

The credit of the state may not be used as a guarantee or surety in favor of any person, association or corporation, public or private (Const 1963, art 9, § 18).

2. CONTRACTS — LIQUIDATED DAMAGES.

Courts may permit the parties to a contract to ascertain the damages themselves for a breach of the contract where the determination of the actual damages for a breach are uncertain in their nature, difficult to ascertain, or impossible to estimate with certainty by any pecuniary standard; to determine whether the amount stipulated as liquidated damages is reasonable, courts should look to conditions at the time that the contract was entered into, not at the time of the breach of the contract.

*Doyle Group Attorneys, P.C.* (by *T. Michael Doyle* and *Teresa L. Mikan),* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Ronald F. Rose* and *James L. Stropkai,* Assistants Attorney General, for defendants.

Before: DANHOF, C.J., and BRONSON and W. R. PETERSON,* JJ.

DANHOF, C.J. In August, 1972, plaintiff contracted with defendant for the construction of 4.17 miles of paving and six bridge structures on I-196 in Allegan County. On December 4, 1972, plaintiff entered into a subcontract with Davco, Inc., pursu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ant to which Davco would construct the pavement portion of the contract. During the course of construction, Davco became insolvent and was unable to perform the contracted work. This event resulted in increases in cost and time delays in plaintiff's completion of the contract. Based upon the contract schedule, a 68-day delay occurred in having the project open for traffic and a 37-day delay occurred in completing the project.

Due to the delays, defendant withheld $25,950 from the contract price as liquidated damages. After pursuing its administrative remedies with defendant highway department without satisfaction, plaintiff filed a complaint in the Court of Claims, seeking judgment in the amount of the liquidated damages. Defendant's motion for summary judgment under GCR 1963, 117.2(1) was granted by the trial court as to count II of plaintiff's complaint, which sought redress due to defendant's prequalification of Davco as a subcontractor. After the trial, the trial judge issued a written opinion rejecting plaintiff's claim that the liquidated damages withheld constituted a penalty and enforcing the liquidated damages clause. Plaintiff was awarded $2,250 after the trial court found that the liquidated damages amount had been improperly computed.

On appeal, plaintiff argues initially that the trial court erred by granting defendant's motion for summary judgment. Plaintiff argues that a warranty of accuracy accompanied defendant's prequalification of Davco. Plaintiff further argues that he relied on defendant's prequalification of Davco as indicating that company's financial solvency and allegedly the breach of this warranty of accuracy caused damage to plaintiff.

MCL 123.501; MSA 5.2311 allows a state agency

such as defendant to require prospective bidders to submit

"a sworn statement at least ten days before bids are opened on such standard form and in such detail and at such time as may be deemed necessary by said officer, board, commission, committee or department, setting forth his qualifications to satisfactorily carry out the work to be performed within the time specified for such performance."

Defendant admits that certain prequalification procedures were followed here and that Davco was added to the list of subcontractors who were qualified to bid on the instant contract. Defendant denies, however, that a warranty of accuracy accompanies its prequalification of Davco and that it may therefore be held liable for losses suffered by plaintiff due to Davco's subsequent financial collapse.

We agree with the trial court, which found a failure on the part of plaintiff to state a claim upon which relief could be granted on this issue. The trial judge found the prequalification procedures to be simply a mechanism by which defendant determined who would be allowed to bid on state highway projects. We find the cases relied upon by plaintiff to be distinguishable, since each concerned an express statement by the defendant as to a physical characteristic of a project, which statements were later found to be erroneous. Under those circumstances, the defendant was held liable for the loss to the plaintiff. See *Hersey Gravel Co v State Highway Dep't*, 305 Mich 333; 9 NW2d 567 (1943); *W H Knapp Co v State Highway Dep't*, 311 Mich 186; 18 NW2d 421 (1945); *Holloway Construction Co v State of Michigan*, 444 Mich App 508; 205 NW2d 575 (1973), *lv den* 390

Mich 754 (1973); *Kensington Corp v Dep't of State Highways,* 74 Mich App 417; 253 NW2d 781 (1977). In each of the above-cited cases, the plaintiff was allowed to recover the cost of additional work performed by it and not included within the initial bid due to misrepresentations by the defendant as to site conditions.

The instant plaintiff seeks to have defendant bear the burden of cost for damages suffered due to the failure of an independent subcontractor. Const 1963, art 9, § 18 prohibits the credit of the state from being used as a guarantee or surety in favor of any person, association or corporation, public or private. Although plaintiff admits this prohibition, it attempts to distinguish a "warranty of accuracy" from a guarantee by the defendant of Davco's continued solvency. We find plaintiff's distinction unpersuasive. To grant the relief requested by plaintiff and hold defendant liable for Davco's failure under a theory that defendant had prequalified Davco's financial condition would be to accomplish precisely what the constitution prohibits. We find no error in the trial court's dismissal of Count II of plaintiff's complaint.

Plaintiff next argues that the trial court erred by enforcing the liquidated damages clause contained in its contract with defendant. We disagree. The general rule governing liquidated damages was summarized by the Supreme Court in *Genesee Bd of Road Comm'rs v North American Development Co,* 369 Mich 229, 236; 119 NW2d 593 (1963):

"When it is difficult to determine the actual damages which would be suffered under such circumstances and where the determination of the actual damages for a breach are uncertain in their nature, difficult to ascertain, or impossible to estimate with certainty by any pecuniary standard, the courts permit the parties to

ascertain the damages for themselves and to provide in the contract the amount of damages which will be paid for the breach. *Jaquith v Hudson,* 5 Mich 123."

To determine whether the amount stipulated as liquidated damages is reasonable, the Court looks to conditions at the time the contract was entered into, not at the time of breach of the contract:

"It is a well-settled rule in this State that the parties to a contract can agree and stipulate in advance as to the amount to be paid in compensation for loss or injury which may result in the event of a breach of the agreement. Such a stipulation is enforceable, particularly where the damages which would result from a breach are uncertain and difficult to ascertain at time contract is executed. If the amount stipulated is reasonable with relation to the possible injury suffered, the courts will sustain such a stipulation.

"The purpose in permitting a stipulation of damages as compensation is to render certain and definite that which appears to be uncertain and not easily proven. The courts recognize that the parties, particularly at the time of execution of the instrument, are in as good a position as anyone to arrive at a fair amount of damages for a subsequent breach. In the event they are not unconscionable or excessive courts will not disturb it. Just compensation for the injuries sustained is the principle at which the law attempts to arrive. Courts will not permit parties to stipulate unreasonable sums as damages, and where such an attempt is made have held them penalties and therefore void and unenforceable." *Curran v Williams,* 352 Mich 278, 282-283; 89 NW2d 602 (1958).

The liquidated damages clause in the contract here provided for damages of $300 per day for each day beyond the contract date that the highway was not open for traffic and $150 per day for each day beyond the contract date that the project

remained incomplete. The contract provided for varying liquidated damage sums depending on the original contract amount. We find that the liquidated damages clause here was not in the nature of a penalty. The sum involved is not unreasonable, considering the original contract amount. Damages otherwise would be nearly impossible to ascertain, since damage to the public, which was delayed in its use of the highway, does not easily convert into dollars and cents. We find no error in the trial court's enforcement of the liquidated damages clause.

Affirmed.